UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

TRIDENT SEAFOODS CORPORATION,

*Defendant.*

Civ. No.

**COMPLAINT**

Plaintiff, the United States of America, by the authority of the Attorney General and through the undersigned attorneys, and at the request of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action brought pursuant to Section 309 of the Clean Water Act ("CWA"), 33 U.S.C. § 1319, against Defendant Trident Seafoods Corporation ("Trident" or "Defendant"). The United States seeks injunctive relief and civil penalties against Trident for violations of the permit conditions and limitations of the National Pollutant Discharge Elimination System ("NPDES") permits issued to Trident by the EPA under Section 402(a) of the CWA, 33 U.S.C. § 1342(a), at Trident's Sand Point and Wrangell facilities ("Facilities") in Alaska. Trident has continued to violate the CWA and its NPDES permits by violating permit limits on "zones of deposit" (seafood processing waste piles), annual and daily discharge limits,



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

grind size requirements for discharged seafood processing waste, requirements for proper handling and treating of seafood processing waste prior to discharge, and monitoring and reporting requirements.

## II. JURISDICTION, VENUE, AND NOTICE

2. This Court has jurisdiction over this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this judicial district pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because the Defendant is located and is doing business in this judicial district.

4. Notice of the commencement of this action has been given to the State of Alaska pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## III. PARTIES

5. Plaintiff is the United States of America, acting at the request and on behalf of EPA.

6. Defendant is Trident Seafoods Corporation, a privately held corporation that is organized under the laws of the State of Washington and owns and operates at least twenty fish processing facilities in Alaska and the Pacific Northwest.

7. Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

8. At all relevant times, Defendant owned and operated commercial seafood processing facilities in Sand Point and Wrangell, Alaska (the "Facilities," each, a "Facility"). At



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

all relevant times, Defendant maintained full control over the operational decisions at the Facilities, including, but not limited to, the discharges of pollutants from the Facilities.

## IV. LEGAL BACKGROUND

9. The CWA is designed to restore and maintain the chemical, physical, and biological integrity of the nation's waters. 33 U.S.C. § 1251(a).

10. To accomplish this goal, Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person to waters of the United States except as authorized by, and in compliance with, certain enumerated Sections of the CWA, including Section 402 of the CWA, 33 U.S.C. § 1342.

11. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

12. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include a wide variety of chemical and biological wastes and materials.

13. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" to mean "the waters of the United States, including the territorial seas."

14. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to mean "any discernible, confined and discrete conveyance, including but not limited to any pipe, [or] conduit . . . from which pollutants are or may be discharged."

15. Section 502(11) of the CWA, 33 U.S.C. § 1362(11), defines "effluent limitation" to mean any restriction established by a State or EPA on quantities, rates, and concentrations of chemical, physical, biological, and other constituents which are discharged from point sources



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

into navigable waters, the waters of a contiguous zone, or the ocean, including schedules of compliance.

16. Pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, the Administrator of the EPA ("Administrator") may issue NPDES permits, which authorize the discharge of pollutants into waters of the United States. Section 402 of the CWA, 33 U.S.C. § 1342, directs the Administrator to impose conditions for NPDES permits, including conditions on data and information collection, reporting, and such other requirements as the Administrator deems appropriate.

17. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), subjects any person who violates, *inter alia*, any permit condition or limitation implementing Section 301 of the CWA in a permit issued under Section 402 of the CWA, to civil penalties. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461, and 40 C.F.R. Part 19, as amended, civil penalties may be assessed in an amount not to exceed $37,500 per day for each violation occurring after January 12, 2009, and not to exceed $51,570 per day for each violation occurring after November 2, 2015.

18. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, for any violation for which a compliance order under Section 309(a) is also authorized. Section 309(a)(3) authorizes EPA to issue compliance orders whenever it finds that any person has violated Section 301 of the CWA or any condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

## V. GENERAL ALLEGATIONS

19. Defendant's Sand Point and Wrangell facilities generate seafood processing solids and other wastes, which are "pollutants" within the meaning of Sections 502(6) and (12) of the CWA, 33 U.S.C. §§ 1362(6) and (12), and discharge pollutants from outfalls into the Popof and Zimovia Straits, respectively.

A. **Sand Point Facility**

20. Defendant's Sand Point facility is located on Popof Island, off the southern coast of the Alaska Peninsula and approximately 580 miles southwest of Anchorage, Alaska. The facility processes cod, halibut, pollock, salmon, and other assorted bottom fish.

21. The Sand Point facility is authorized to discharge pollutants into Popof Strait by an individual NPDES Permit Number AK0052787 ("Sand Point Permit"), issued by EPA on August 10, 1999.

22. The Sand Point Permit expired on September 13, 2004, but has been administratively extended in accordance with 40 C.F.R. § 122.6 and remains in full force and effect.

23. The Sand Point Permit established effluent limitations, standard and special operating conditions, and monitoring and reporting requirements for discharges from the Sand Point facility outfall, including, but not limited to, the following:

a. a one-acre zone of deposit limit;

b. timely modification of the Sand Point facility's Best Management Practices plan when called for by the Sand Point Permit;



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

c. a requirement that all seafood processing waste be ground to one-half inch or less before discharge;

d. a prohibition on discharge of seafood processing waste measuring more than one-half inch;

e. a prohibition on discharge of effluents which cause a foam, film, sheen, scum, or deposit to form on the surface of the receiving water or upon the adjacent shorelines;

f. a provision authorizing the discharge of wastewater, solids, and residues from the seafood processing and related support activities through designated outfalls only;

g. a provision authorizing discharge of only wastewater, solids, and residues from the processing of seafood and related support activities; and

h. various sampling and reporting requirements.

24. From at least January 2010 through the present and as shown in Defendant's dive surveys and annual reports relating to this time period, the seafood waste pile on the seafloor at Defendant's Sand Point facility has exceeded the one-acre zone of deposit limit, in violation of the Sand Point Permit and the Act.

25. From January 2010 through the present, Defendant failed to update its Best Management Practices plan to address the one-acre zone of deposit exceedance, in violation of the Sand Point Permit and the Act.

26. On several occasions, as shown in Defendant's dive survey report relating to 2011 and annual reports relating to 2011 and 2012, Defendant failed to grind its seafood processing waste to one-half inch or less before discharge, in violation of the Sand Point Permit and the Act.



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

27. On at least one occasion, including on or around August 1, 2011, and as shown in Defendant's annual report relating to that year, Defendant discharged effluents that caused a foam, film, sheen, scum, or deposit to form on the surface of the receiving water or upon the adjacent shorelines, in violation of the Sand Point Permit and the Act.

28. On at least three occasions, including on or around April 26, 2010, October 3, 2013, and October 18, 2013 and as shown in Defendant's annual reports relating to those years, Defendant discharged effluents from points other than authorized outfalls, in violation of the Sand Point Permit and the Act.

29. On at least two occasions, including on or around October 3, 2011 and February 23, 2015 and as shown in Defendant's related annual reports and/or inspection reports produced by the Alaska Department of Environmental Conservation, Defendant discharged unauthorized waste streams, in violation of the Sand Point Permit and the Act.

30. On at least ten occasions, including in 2010, 2011, and 2013 and as shown in Defendant's annual reports relating to those years, Defendant failed to comply with sampling and monitoring requirements contained in the Sand Point Permit, in violation of the Sand Point Permit and the Act.

B. **Wrangell Facility**

31. Defendant's Wrangell facility is located on Wrangell Island in southeast Alaska, approximately 130 miles south-southeast of Juneau, Alaska. The facility processes all species of Alaska salmon and herring.



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

32. The Wrangell facility is authorized to discharge seafood processing waste into Zimovia Strait by the Seafood General Permit (unique identifier No. AK-G52-0058) and the applicable grants of discharge authorization.

33. The Seafood General Permit expired on July 27, 2006, but has been administratively extended and remains in full force and effect at the Wrangell facility in accordance with 40 C.F.R. § 122.6.

34. The Seafood General Permit and the accompanying discharge authorizations established effluent limitations, standard and special operating conditions, as well as monitoring and reporting requirements for discharges that apply to the Wrangell facility, including, but not limited to, the following:

a. a one-acre zone of deposit limit;

b. an annual discharge limit of 3,000,000 pounds of salmon processing waste applicable during the 2010 processing season;

c. a daily discharge limit of 289,000 pounds of salmon processing waste applicable during the 2011 processing season;

d. a requirement that all seafood processing waste be ground to one-half inch or less before discharge;

e. a prohibition on discharge of seafood processing waste measuring more than one-half inch;

f. a requirement that Defendant properly maintain and operate all facilities and systems of treatment and control that are installed or used to achieve compliance with the conditions of the permit;



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

g. a prohibition on discharge of seafood processing waste from a severed, failed, or leaking outfall line ten days past such unrepaired severance, failure, or damage; and

h. a requirement that all seafood processing waste be routed through a waste conveyance and treatment system.

35. From at least August 2011 until February 2013, and from August 2013 to March 2014, and as shown in Defendant's dive surveys and annual reports relating to that time period, the seafood waste pile on the seafloor at Defendant's Wrangell facility exceeded the one-acre zone of deposit limit, in violation of the Seafood General Permit and the Act.

36. During the 2010 processing season and as shown in Defendant's annual report relating to that year, Defendant's discharge of salmon processing waste exceeded the annual volume discharge limit by 921,641 pounds, in violation of the Seafood General Permit and the Act.

37. On at least two days, on July 17, 2011 and July 27, 2011, and as shown in Defendant's annual report relating to that year, Defendant's daily discharge of salmon processing waste exceeded the daily discharge volume limit by over 12,000 pounds and 24,000 pounds, respectively, in violation of the Seafood General Permit and the Act.

38. On at least 206 occasions, from 2010 to 2013, and as shown in Defendant's annual reports and dive surveys relating to those years, Defendant exceeded the one-half inch size limit for discharged seafood waste, in violation of the Seafood General Permit and the Act.

39. At some point between March and October 2013, and as shown in Defendant's annual report relating to that year, the Wrangell facility's outfall line was severed and Defendant



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

continued to discharge from the severed line, in violation of the Seafood General Permit and the Act.

40. On at least nine occasions, including in 2010, 2012, and 2013, and as shown in Defendant's annual reports relating to those years, seafood waste was not routed through a waste conveyance and treatment system prior to discharge, in violation of the Seafood General Permit and the Act.

**COUNT 1**

**[Claim for Civil Penalties under CWA Section 309(d)]**

41. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if they were fully set forth herein.

42. On numerous occasions since 2010, Defendant violated the CWA by not complying with NPDES Permit conditions and limitations at the Sand Point and Wrangell facilities.

43. Trident is liable for civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1319(d), in an amount not to exceed $37,500 per day for each violation occurring after January 12, 2009, and not to exceed $51,570 per day for each violation occurring after November 2, 2015.

**COUNT 2**

**[Claim for Injunctive Relief for under CWA Section 309(b)]**

44. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if they were fully set forth herein.



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

45. Upon information and belief, Trident continues to remain out of compliance with the conditions and limitations of the applicable NPDES permits at the Sand Point and Wrangell facilities.

46. Unless enjoined, Trident's CWA violations at the Sand Point and Wrangell facilities will continue.

47. As a result of these violations, the United States is entitled to injunctive relief pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and this Court's equitable authority.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enjoin Trident from discharging pollutants except as authorized by the limitations and conditions of Trident's applicable NPDES permits;

b. Order Trident to undertake expeditiously all necessary measures to comply with the Clean Water Act and the limitations and conditions of the applicable NPDES permits;

c. Order Trident to pay the United States a civil penalty not to exceed $37,500 per day for each violation of the applicable NPDES permits occurring after January 12, 2009, and not to exceed $51,570 per day for each violation occurring after November 2, 2015;



UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0439

and

d. Grant the United States such other relief as may be just and proper and as the public interest and the equities of the case may require.

Respectfully Submitted,

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Dated: February 8, 2018

/s/ *Frederick S. Phillips*
FREDERICK S. PHILLIPS, Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Phone: (202) 305-0439
Email: frederick.phillips@usdoj.gov

ANNETTE L. HAYES
United States Attorney

BRIAN KIPNIS
Assistant United States Attorney
U.S. Attorney's Office, Western District of Washington

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2018, a copy of the foregoing Complaint was filed electronically with the Clerk of the Court using the CM/ECF system. I further certify that I have served this filing on Joseph T. Plesha, Chief Legal Officer for the Defendant Trident Seafoods Corporation at 5303 Shilshole Avenue, N.W., Seattle, WA 98107-4000 by electronic mail.

/S/ Frederick S. Phillips
Senior Attorney
U.S. Dept. of Justice, ENRD/EES

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**
TRIDENT SEAFOODS CORPORATION

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant King
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Frederick S. Phillips, U.S. Dept. of Justice, ENRD/EES, P.O. Box 7611, Washington, D.C. 20044, (202)305-0439; Annette Hayes and Brian Kipnis, 700 Stewart St., Seattle, WA 98101 (206)553-0882

Attorneys *(If Known)*
Joseph T. Plesha, Chief Legal Officer, Trident Seafoods Corporation, 5303 Shilshole Avenue, N.W., Seattle, WA 98107-4000
Email: joep@TridentSeafoods.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☒ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
CWA, 33 U.S.C. Section 1319

Brief description of cause:
Violations of Permits on seafood processing waste piles and monitoring and reporting requirements/Civil Penalties

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
02/09/2018

SIGNATURE OF ATTORNEY OF RECORD
/S/ Frederick S. Phillips

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Print Save As... Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.